UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BONAFIDE BUILDERS, INC.                     :
                                            :
                    Plaintiff,              :
                                            :
        -against-                           :        **MEMORANDUM & ORDER**
                                            :        **OF REMAND**
COLONY INSURANCE COMPANY, ARGO              :        **22-cv-7906(DLI)(RER)**
ARGO GROUP US, INC., and ARGO GROUP,        :
                                            :
                    Defendants.             :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 9, 2022, Bonafide Builders, Inc. ("Plaintiff") filed a verified complaint in New York State Supreme Court, Kings County ("state court") under Index Number 535867/2022, alleging that Colony Insurance Company ("Colony"), Argo Group US, Inc., and Argo Group (collectively, "Defendants") issued Plaintiff a general liability insurance policy and failed to provide the requisite insurance coverage for defending and indemnifying Plaintiff in litigation. *See*, Complaint ("Compl."), Dkt. Entry No. 1-1 ¶¶ 9-11, 14-17. Plaintiff alleges only state law claims for a breach of contract and bad faith and seeks declaratory judgment. *Id.* ¶¶ 8-29.

On December 28, 2022, Defendants removed the state court action to this Court invoking its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1 ¶ 1. On January 4, 2023, Defendants filed a motion to dismiss Plaintiff's claim of bad faith. *See*, Motion to Dismiss, Dkt. Entry No. 4. To date, Plaintiff neither has moved for remand nor opposed the motion to dismiss.[1] For the reasons set forth below, this case is remanded to state

---

[1] Plaintiff filed two requests for extension of time to respond to the motion to dismiss and to stay the Court's decision on the motion so that the parties could try to resolve the motion between them. To date, Plaintiff has not responded to the motion nor have the parties resolved either the motion or this matter. As the Court lacks subject matter jurisdiction over this action and authority to rule on Defendants' motion, the motion is terminated without prejudice.

court *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

On July 13, 2022, Wilson Galarza filed a personal injury action ("the Galarza Action") against a number of entities, including the New York City Housing Authority, but not against Plaintiff, his employer, for injuries sustained within the scope of his employment ("the Galarza Claim"). *Id*. ¶ 12. On October 12, 2022, the Galarza Action defendants commenced a third-party action within the same case against Plaintiff seeking contribution and indemnification ("Third Party Action") (along with the Galarza claim, the "Underlying Action"). *Id*. ¶¶ 10-11.

At an unspecified date, Plaintiff advised Defendants here of the Underlying Action and Galarza Claim. *Id*. ¶ 18. Plaintiff alleges that, at all relevant times, it was insured under a general liability insurance policy issued by Defendants (the "Policy"). *Id*. ¶¶ 9, 13. According to Plaintiff, the Policy requires Defendants to insure, indemnify, and defend Plaintiff in the Underlying Action and against the Galarza Claim. *Id*. ¶¶ 15-17. However, Defendants have denied coverage in connection with the Underlying Action. *Id*. ¶ 19. Notably, and as relevant here, Plaintiff does not allege the amount of damages it seeks to recover from Defendants for their failure to comply with the Policy, stating only that it seeks "damages including incidental and consequential damages, along with recoupment of legal fees, costs, disbursements and litigation expenses Plaintiff incurs in connection with litigating the [Underlying Action], in an amount to be determined at trial." *Id*. ¶¶ 25, 29.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte* absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court to remand a case *sua sponte* under two circumstances: (1) "at any time, if the district court finds that it does not possess subject matter jurisdiction;" and (2) "within 30 days of the filing of the notice of removal if the district court remands the case on procedural grounds." *Heery v. Stop & Shop Supermarket Co., LLC.,* 2017 WL 1745490, at *1 (E.D.N.Y. May 3, 2017)(citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006)).

Pursuant to 28 U.S.C. § 1332(a), the party seeking to remove a case to federal court based on diversity jurisdiction must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). The removing party bears the burden of showing that there appears to be a "reasonable probability" that the claims exceed the statutory jurisdictional amount. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). It is well established within the Second Circuit that removal statutes are construed strictly and narrowly, "resolv[ing] any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213, 220 (2d Cir. 2013).

Therefore, and pivotally, "the amount in controversy must be non-speculative to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts

3

adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). Here, the Court finds that Defendants have failed to establish that the amount in controversy requirement has been met and, thus, have not established this Court's subject matter jurisdiction over the action, warranting remand.

**I.      Amount in Controversy**

"The starting point for determining the amount in controversy is the type of relief requested." *Remede Consulting Grp. Inc. v. Hamer*, 2020 WL 1062963, at *3 (E.D.N.Y. Mar. 5, 2020)(citation omitted). Here, Plaintiff seeks an unspecified amount of damages and declaratory relief based upon Defendants' alleged failure to perform under the Policy. *See*, Compl. ¶¶ 22, 25, 29.

The amount in controversy for non-monetary relief "is measured by the value of the object of the litigation." *Sasson v. Mann*, 2022 WL 1580596, at *3 (2d Cir. May 19, 2022). This is because "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Id*. (quoting in parenthetical, *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). Thus, the amount in controversy is measured from Plaintiff's standpoint, *i.e.*, the benefit that would flow to Plaintiff if declaratory relief was granted. *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)(citation omitted); *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp.3d 95, 101 (S.D.N.Y. 2021).

The object of the instant litigation is indemnification of the Galarza Claim and the costs associated with defending the Underlying Action. Notice ¶ 8; Compl. ¶¶ 14-19. Therefore, the Court considers the value of the relief sought for Galarza Claim and the costs associated with the

4

Underlying Action, including attorneys' fees. *See*, *Cow Bay Sprinkler Corp. v. Houston Cas. Co.*, 2020 WL 9812929, at *5-8 (E.D.N.Y. Feb. 1, 2020); *See also*, *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019). The Court also incorporates Plaintiff's breach of contract claim and claim of bad faith into its analysis since these claims encompass the same relief sought by Plaintiff. *See*, Compl. ¶¶ 22, 25, 29.

The removing Defendants bear the burden to provide sufficient information to establish subject matter jurisdiction under 28 U.S.C. § 1332(a). *See, Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). While the Complaint does not allege a specific amount of damages that Plaintiff seeks to recover, Defendants properly allege that the Notice may assert the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2)(A)(i) when the initial pleading seeks nonmonetary relief. *See*, Notice ¶ 8.

However, the Notice does not assert an amount in controversy. Instead, it contains a regurgitation of generalized allegations from the Complaint and damages request in bald, conclusory, boilerplate terms, to wit: "Plaintiff seeks declaratory relief and recovery of both attorneys' fees and costs to defend the underlying personal injury action and damages awarded against it in the underlying action, the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1446(c)(2)(A)." *Id.* This is at odds with the limited nature of the Court's jurisdiction. *See*, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)("The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there *until cause is shown for its transfer* under some act of Congress.")(emphasis added); *See also, Minaudo v. Sunrise at Sheepshead Bay,* 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (finding that boilerplate pleadings are too generalized "to draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000."); *John Wiley & Sons, Inc. v. Glass*, 2010

5

WL 1848226, at *3 (S.D.N.Y. May 7, 2010)(finding the removal notice insufficient to support amount in controversy where it alleged that it was "facially apparent from the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000" and merely "repeat[ed] the relief [Plaintiff] requested in its Complaint" in a conclusory manner).

Additionally, the Galarza complaint alleges only that the monetary damages sought will "exceed[] the jurisdictional limit of all lower Courts" because Galarza sustained "serious and permanent injuries" from a fall. Compl., Ex. 1 ¶¶ 236, 241, 247, 253, 259. Courts in this district consistently have held that the speculative nature of this type of allegation fails to satisfy the jurisdictional threshold under 28 U.S.C. § 1332(a)). *See*, *De Garcia v. Tropicana Ent. Inc.*, 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022); *See also, Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022). Consequently, "[w]ithout a non-speculative amount in controversy clearly alleged, [D]efendants' removal of this case was premature." *Elome*, 2021 WL 4480456, at *2. Accordingly, the Court finds that Defendants have failed to establish with reasonable probability that the amount in controversy requirement has been met for purposes of establishing diversity jurisdiction, warranting remand.

Finally, Defendants were not without recourse to determine the amount of damages Plaintiff seeks. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Pursuant to N.Y.C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled," and, if the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." Thus, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on

6

motion, could have ordered Plaintiff to respond to a demand for total damages. *See, Noguera v. Bedard,* 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011)("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.  Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").  Accordingly, as the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, remand to state court is proper.

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 535867/2022, for further proceedings and Defendants' motion to dismiss is terminated without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       April 14, 2023

/s/
DORA L. IRIZARRY
United States District Judge